United States District Court
Southern District of Texas
FILED
JUN 1 6 2009
Michael N. Milby
Clerk of Court

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK C. JEFFERY, <br> JENNIFER JEFFERY, <br> ERIN J. RATHMAN, and <br> JOSHUA E. JEFFERY <br> Plaintiffs | CASE NO. H-09-1878 |
| VERSUS | MAGISTRATE JUDGE _____ |
| KELLOGG BROWN & ROOT <br> SERVICES, INC. <br> Defendant | DISTRICT JUDGE _____ |
| | JURY DEMANDED |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come MARK C. JEFFERY and JENNIFER JEFFERY, husband and wife, ERIN J. RATHMAN and JOSHUA E. JEFFERY, all residents of the full age of majority of Hamilton County, Ohio, who show as follows:

### I. JURISDICTION AND VENUE

1. This is an action for personal injury damages resulting from injuries suffered by Plaintiff Mark C. Jeffery on June 18, 2007, while he was employed as a civilian contractor in Iraq.

2. Jurisdiction of this Court is based on diversity of citizenship, pursuant to 28 U.S.C. §1332. Plaintiffs are all residents of the State of Ohio. Defendant, Kellogg Brown & Root Services, Inc. ("KBR") is a Delaware corporation with its principal place of business located at 4100 Clinton Drive, #4-100, Houston, Texas 77020. The registered agent for service of process for KBR is Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

3. The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) in that the Defendant is a corporation subject to the personal jurisdiction of this Court because its principal place of business is located in this Court's judicial district.

## II. PARTIES

5. Plaintiffs are all residents of the full age of majority and domiciled in Hamilton County, Ohio. Plaintiffs MARK C. JEFFERY and JENNIFER JEFFERY are husband and wife. Plaintiffs ERIN J. RATHMAN and JOSHUA E. JEFFERY are the major children of MARK C. JEFFERY and JENNIFER JEFFERY.

6. Defendant KBR is a Delaware corporation having its principal place of business in Houston, Texas, authorized to do and doing business in the State of Texas.

## III. FACTUAL ALLEGATIONS

7. Defendant KBR contracted with the United States Army under the Logistics Civil Augmentation Program ("LOGCAP") to provide construction, operations, maintenance and maintenance support services to the United States military installations in Iraq. The specific contract between Defendant KBR and the United States Army under the LOGCAP III program was LOGCAP Basic Contract DAAA09-02-D-0007 (the "Contract"). The Contract was originally let in 2001 to Kellogg Brown & Root, Inc., which, on information and belief, Plaintiffs show subsequently became KBR, Inc. Plaintiff is informed, and on the basis of that information alleges that in 2003, the duties of Kellogg Brown & Root, Inc. and KRB, Inc. under the Contract were transferred to Defendant Kellogg Brown & Root Services, Inc. ("KBR") under a "Novation Agreement" under which

Defendant KBR was responsible for performing the actions required under the Contract, including construction and maintenance of the electrical circuits involved in the injuries suffered by Plaintiff Mark C. Jeffery as further detailed herein. Plaintiffs show that all the aforementioned corporations, Kellogg Brown & Root, Inc., KRB, Inc. and Defendant Kellogg Brown & Root Services, Inc. are related corporations.

8. Specific tasks assigned to Defendant KBR under the Contract were assigned by a series of documents called "Task Orders". Those tasks included construction of facilities, electrical power generation and distribution grids and maintenance of facilities at numerous military installations throughout Iraq.

9. One of the Task Orders issued during the course of the Contract was designated Task Order 139, which governed "base life support functions" which were to be performed by KBR at military bases in Iraq and specified services to be provided, including facilities operations and maintenance ("O&M") services. Under Task Order 139, the contractor, Defendant KBR, was responsible at all worksites for "safety of employees and base camp residents during all contractor operations". Defendant KBR was also responsible for establishing a preventative maintenance program to maximize life expectancy of the base camp facilities. The O&M responsibilities of Defendant KBR consisted of "maintenance and repair" of the facilities covered by the Contract, as well as the replacement, maintenance and repair of the electrical distribution systems and equipment including, but not limited to, switchgear, distribution panels, lighting and electrical outlets.

10. One of the military installations for which Defendant KBR contracted to provide construction of facilities, electrical power generation and distribution grids, wiring of circuits within buildings and maintenance of facilities was a former Iraqi installation originally called Al Taji Army

Airfield, located approximately 27 kilometers northwest of downtown Baghdad, at the town of Taji, Iraq.

11.     Following the American invasion of Iraq in 2003, the Al Taji Army Airfield was taken over by American military forces. Defendant KBR, acting under the Contract, undertook the renovation of numerous pre-existing facilities and the construction of numerous new buildings and other facilities at the Al Taji Army Airfield installation, which in March 2004 had been re-named Camp Cooke. The name of Camp Cooke was later changed to Camp Taji in September 2004. Additionally, pursuant to the Contract, Defendant KBR undertook responsibility for construction of an electrical power generation and distribution grid on Camp Cooke/Camp Taji and installation of wiring for the electrical circuits and wall outlets in the buildings on that installation.

12.     The facilities at Camp Cooke/Camp Taji included a metal building located on 23rd Street on the airfield side of the installation, constructed by Defendant KBR, which housed the Combat Support Services operations of the 3rd Battalion of the 227th Aviation Regiment, 1st Cavalry Division ("3-227 AVN"), a helicopter unit that was stationed at Camp Cooke/Camp Taji (the "CSS Building"). The electrical power running to that building, which was generated by Defendant KBR and supplied to the CSS Building via the distribution grid, internal wiring and wall outlets constructed and maintained by Defendant KBR, was 250 volts, 50 cycles per second.

13.     The Combat Support Services ("CSS") personnel were responsible for procurement of the necessary maintenance parts and supplies to maintain the helicopters operated by the 3-227 AVN. The CSS personnel entered their orders into the Army supply system through the use of a satellite ground and data uplink system called a Very Small Aperture Terminal, or "VSAT". The VSAT consisted of a computer-controller, housed inside the building, which was connected to the

actual 1.2 meter diameter satellite uplink dish via electrical and data transmission cables that carried data to and from the uplink dish and powered the dish and the servo motors that were used to aim the dish at the satellite overhead. The satellite dish itself, along with the necessary communication and electrical components associated with the aiming and utilization of the dish, were mounted on a metal frame that was placed in an outdoor area with direct access to the sky. Altogether, those outdoor components were referred to as the "Outdoor Unit".

14.　At all times pertinent to this action, Plaintiff Mark C. Jeffery was employed by DRS Technical Services, Inc., as a service technician whose duties included maintenance of the VSAT terminals and antenna dishes located throughout Camp Cooke/Camp Taji and at other locations in Iraq, including the VSAT terminal located at the CSS Building. The VSAT system at that building was designated as Terminal 504.

15.　Prior to June 18, 2007, problems with the electrical system in the CSS Building on 23rd Street on the Airfield side of Camp Cooke/Camp Taji, had been noted and reported to maintenance personnel employed by Defendant KBR. Specifically, the grounding systems for the electrical circuits going into the CSS Building were dangerously defective, either as a result of non-existent or defective ground wires, grounding wires that traveled excessive distances to the actual ground and which were therefore ineffective, or incorrectly wired electrical boxes and wall outlets.

16.　Despite prior warnings and reports of dangerous and defective electrical circuits at the CSS Building, Defendant KBR failed to correct the dangerous conditions with the building's electrical system, the grounding circuits and the wall outlets prior to June 18, 2007.

17.　At approximately 10:30 A.M. on June 18, 2007, Plaintiff Mark C. Jeffery went to the CSS Building to perform maintenance repairs on VSAT Terminal 504. The satellite dish of

Terminal 504 was oscillating from east to west, stuck in compass check mode, and was not locking onto the satellite as required for data reception and transmissions.

18.  The Outdoor Unit of Terminal 504 had been placed on the top of a metal shipping container, commonly referred to as a conex, outside the CSS Building. A low concrete wall was situated adjacent to the conex on top of which the Outdoor Unit had been placed. To access the satellite dish itself, Plaintiff Mark C. Jeffery climbed onto the concrete wall and then leaned out onto the conex, supporting his weight on his stomach and right arm and elbow. As he reached out with his left arm and hand to work on the Outdoor Unit, his right arm came to rest on the metal frame of the Outdoor Unit, at which time Plaintiff Mark C. Jeffery received a severe electrical shock because the electrical circuit into which the indoor controller unit was plugged was improperly grounded. The Outdoor Unit was powered from the indoor controller unit, and thus the improperly grounded circuit inside the CSS Building was tied directly by cable to the Outdoor Unit into which Plaintiff Mark C. Jeffery's arm came into contact.

19.  The electrical shock to Plaintiff Mark C. Jeffery surged through his body until he was shaken off the conex, at which point he fell to the ground, where he was discovered by Victor Sims, another employee of DRS Technical Services, Inc.

20.  VSAT Terminal 504 was taken out of service and removed to the office of the Combat Service Support Automation Maintenance Officer so that it could not be plugged into any circuit at the CSS Building until the electrical circuit in that building could be repaired to properly ground it.

21.  Shortly after being electrocuted, Plaintiff Mark C. Jeffery was taken for medical assistance at Camp Cooke/Camp Taji and was given nitroglycerine pills to alleviate the severe pain

in his chest. He was extremely sore and stiff and felt weak.

22. While at the aid station at Camp Cooke/Camp Taji, blood testing was accomplished on Plaintiff Mark C. Jeffery. After a review of those test results, Plaintiff Mark C. Jeffery was evacuated via helicopter to the 28th Combat Support Hospital in Baghdad for further evaluation and treatment. He was hospitalized in the intensive care unit overnight and discharged the next day.

23. After returning to Camp Cooke/Camp Taji, Plaintiff Mark C. Jeffery continued to suffer soreness throughout his body, but was able to resume his work as a maintenance technician for the VSATs located on the base. However, within a short time, he began to suffer from memory loss, the inability to concentrate, poor sleep habits, depression and extreme fatigue. Those problems continued for the remainder of the time he was in Iraq as an employee of DRS Technical Services, Inc.

24. Plaintiff Mark C. Jeffery returned to his home in Hamilton, Ohio, on August 21, 2007, and never returned to Iraq or to employment of any kind. As soon as he arrived home, his wife, Plaintiff Jennifer Jeffery noticed significant changes in her husband. Specifically, his memory was significantly impaired, he was depressed, he had difficulty concentrating on all tasks, he was constantly fatigued, he would begin sweating profusely whenever he attempted to do any tasks requiring concentration and he was unable to sleep normally. These conditions continued to worsen over the next few months. Additionally, as a result of his injuries, Plaintiff Mark C. Jeffery was unable to interact with and provide parental guidance and support to his two children, Plaintiffs Erin J. Rathman and Joshua E. Jeffery.

25. Plaintiff Mark C. Jeffery was treated at the VA Hospital in Cincinnati and was initially diagnosed with post-traumatic stress disorder. However, in the fall of 2007, an MRI of his

brain revealed that he had suffered a brain shear injury at the rear of the frontal lobe of his brain, a relatively common injury in cases of electrocution.

26. On January 13, 2008, Plaintiff Mark C. Jeffery filed an application for workers compensation benefits under the Defense Base Act. That application for benefits was ultimately approved and he is classified as disabled as a result of electrical shock injuries.

27. The medical, mental and emotional problems from which Plaintiff Mark C. Jeffery suffers as a result of the injuries he suffered in the June 18, 2007 electrocution injury have continued to worsen. He is easily irritable, has poor sleep habits and has severely impaired memory and concentration. He is virtually unable to retain information communicated to him from one day to the next, although his long-term memory at times appears to be normal. He is unable to have normal emotional relationships with his wife and children and, since his injury, he has been unable to provide the love, companionship and emotional support for his wife and children and the parental nurture and guidance for his children that he was able to offer prior to his injury.

28. Plaintiff Mark C. Jeffery has not been employed in any capacity since August 21, 2007 and, due to the worsening neurological problems described above, he is unable to be employed in any gainful occupation and has, therefore, suffered a significant loss of economic capacity. He is no longer able to support his family.

29. As a result of a number of electrocution injuries and electrical fires at American military installations throughout Iraq, the Defense Contract Management Agency ("DCMA") conducted a technical and contractual safety status assessment of 14 forward operating bases and camps in Iraq beginning on November 18, 2006. Camp Cooke/Camp Taji was visited by the inspectors on December 29, 2006 and "serious safety management issues" were noted within the

Readiness Management Support Company located there. The inspectors concluded that violations of the National Electric Code (made applicable to the Contract and Task Order 139 and with which Defendant KBR was supposed to comply concerning electrical work performed under the Contract) "were likely". The installation was rated as a "moderate safety risk facility".

30. Despite the warnings contained in the February 18, 2007 DCMA report prepared by Paul W. Dickinson, Contract Safety Specialist with DCMA in their Denver, Colorado office, Defendant KBR failed to inspect and repair the electrical outlets in the CSS Building at Camp Cooke/Camp Taji where Plaintiff Mark C. Jeffery was injured in June 2007. Additionally, when advised by work order request prior to June 18, 2007, of the problems with the grounding circuits on the wall outlets in the CSS Building, Defendant KBR failed to respond in a timely manner to repair the circuits and provide adequate grounding to the wall outlets.

31. Defendant KBR owed a duty to Plaintiff Mark C. Jeffery to construct and maintain the electrical grid and circuits at Camp Cooke/Camp Taji in a manner that complied with the National Electric Code so as to provide electrical circuits that could be safely utilized without the users incurring electrical shocks. Defendant KBR breached that duty by failing to properly construct and maintain the electrical circuits at the CSS Building at Camp Cooke/Camp Taji, which breach proximately and directly led to the injuries suffered by Plaintiff Mark C. Jeffery and the other Plaintiffs named herein.

IV. FIRST CAUSE OF ACTION

NEGLIGENCE

32. Plaintiffs incorporate by reference, as if fully set forth at length in their entirety, each and every allegation set forth in the preceding and succeeding paragraphs of this Complaint, and

further allege as follows:

33. The injuries to Plaintiff Mark C. Jeffery were directly and proximately caused by the wrongful acts, neglect and/or negligence of Defendant KBR in some, or all, of the following particulars:

   a. In failing to repair and remedy the electrical grounding problems at the CSS Building;

   b. In failing to repair and remedy the defective and dangerous condition of the wall outlet into which the indoor control unit of Terminal 504 was plugged in the CSS Building;

   c. In failing to properly ground all electrical circuits entering the CSS Building;

   d. In failing to provide essential ground fault interruption circuits at the CSS Building;

   e. In failing to properly train and employ qualified electricians to maintain the electrical distribution system at Camp Cooke/Camp Taji;

   f. In failing to properly supervise the electricians working for Defendant KBR at Camp Cooke/Camp Taji;

   g. In failing to warn the personnel, both military and civilian, located at Camp Cooke/Camp Taji of the dangers presented to them by the use of equipment connected to electrical circuits that had inadequate or ineffective grounding provided to them;

   h. In intentionally, willfully and blatantly ignoring known and preventable hazards, resulting in a blatant disregard for the safety of Plaintiff Mark C. Jeffery and other members of the civilian and military workforce located at Camp Cooke/Camp Taji;

   i. In failing to maintain the electrical circuits and wall outlets in the CSS Building in a manner consistent with the requirements of the National Electric Code; and

   j. In otherwise failing to maintain Camp Cooke/Camp Taji in a reasonable and prudent manner so as to prevent injury to civilian and military personnel

stationed there.

## V. SECOND CAUSE OF ACTION

## GROSS NEGLIGENCE

34.     Plaintiffs incorporate by reference, as if fully set forth at length in their entirety, each and every allegation set forth in the preceding and succeeding paragraphs of this Complaint, and further allege as follows:

35.     Defendant KBR committed willful acts or omissions, gross neglect and/or malice, which proximately cased the injuries to Plaintiff Mark C. Jeffery and the damages complained of herein by all Plaintiffs. The conduct of Defendant KBR in intentionally and/or recklessly failing and/or refusing to repair or warn of the dangerous condition presented by the electrical circuits and electrical wall outlets at the CSS Building at Camp Cooke/Camp Taji, when the Defendant knew or should have known that said conditions could cause bodily harm or death to military and civilian personnel at Camp Cooke/Camp Taji, including Plaintiff Mark C. Jeffery, and when it was instructed to do so by the DCMA, was wanton, willful, outrageous and in callous and reckless disregard of the safety of human life.

36.     The actions of Defendant KBR entitle Plaintiffs to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies code and Article XVI, §26 of the Texas Constitution.

37.     Plaintiffs seek punitive or exemplary damages in such amounts as may be found to be proper under the facts and circumstances.

## VI. THIRD CAUSE OF ACTION

## LOSS OF CONSORTIUM FOR WIFE AND MAJOR CHILDREN

38. Plaintiffs incorporate by reference, as if fully set forth at length in their entirety, each and every allegation set forth in the preceding and succeeding paragraphs of this Complaint, and further allege as follows:.

39. Plaintiffs Jennifer Jeffery, Erin J. Rathman and Joshua E. Jeffery show that as a result of the injuries to their husband and father, Plaintiff Mark C. Jeffery, they have suffered a loss of consortium in the form of a loss of the companionship, support, love and affection, marital relationship (as to Plaintiff Jennifer Jeffery) and parental nurture and guidance (as to Plaintiffs Erin J. Rathman and Joshua E. Jeffery), for all of which Plaintiffs Jennifer Jeffery, Erin J. Rathman and Joshua E. Jeffery are entitled to all reasonable damages from Defendant KBR.

## VII. DAMAGES

### A. ACTUAL DAMAGES

40. As a result of the conduct of Defendant KBR, Plaintiffs seek monetary damages from Defendant KBR and assert that they have suffered and continue to suffer the following categories of damages, all of which are the direct and proximate result of the negligence, gross negligence and/or intentional acts of Defendant KBR:

    a.    For Plaintiff Mark C. Jeffery, all reasonable damages for:

        1)    Past, present and future pain and suffering and mental anguish;

        2)    Past, present and future emotional distress;

        3)    Past, present and future loss of cognitive function;

        4)    Past, present and future loss of physical abilities;

      5)      Past, present and future loss of enjoyment of life;

      6)      Past, present and future loss of earnings and earning capacity;

      7)      Past, present and future expenses for medical care;

      8)      Past, present and future physical impairment and disability; and

      9)      All other damages, both compensatory and exemplary or punitive, to which Plaintiff Mark C. Jeffery may be entitled under applicable law.

b.      For Plaintiffs Jennifer Jeffery, Erin J. Rathman and Joshua E. Jeffery, all reasonable damages for:

      1)      Past, present and future loss of house services;

      2)      Past, present and future loss of consortium;

      3)      Past, present and future loss of the love and affection, marital companionship (as to Plaintiff Jennifer Jeffery) and parental nurture and guidance (as to Plaintiffs Erin J. Rathman and Joshua E. Jeffery); and

      4)      All other reasonable damages, both compensatory and exemplary or punitive, to which Plaintiffs Jennifer Jeffery, Erin J. Rathman and Joshua E. Jeffery may be entitled under applicable law,

all as a result of the injuries to Plaintiff Mark C. Jeffery caused by the negligence of Defendant KBR.

### B. PUNITIVE DAMAGES

41.      Because Defendant KBR is guilty of gross negligence, they should have punitive damages assessed against them, as a deterrent to such future bad conduct and as a punishment for their bad acts, in an amount to be determined by the jury.

## C. PREJUDGMENT AND POST-JUDGMENT INTEREST AND COSTS

42. To the extent allowable by applicable law, Plaintiffs also seek prejudgment and post-judgment interest on any awards made herein and an award of all costs incurred in this litigation.

### VIII. JURY DEMAND

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

44. Plaintiffs pray that such orders as may be necessary in the premises be issued by this Court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS MARK C. JEFFERY, JENNIFER JEFFERY, ERIN J. RATHMAN and JOSHUA E. JEFFERY pray that citation and service issue herein, that Defendant KELLOGG BROWN & ROOT SERVICES, INC., be served with a certified copy of this Complaint and ordered to answer same within the delays allowed by law, and after due proceedings had in a trial by jury, there be judgment herein in favor of Plaintiffs and against Defendant for all reasonable damages of every form as prayed for herein, including actual and exemplary damages, together with prejudgment interest and post-judgment interest, for all costs of this litigation, all as more fully prayed for above, and such other and further relief to which Plaintiffs may show themselves to be entitled, whether at law or in equity.

Respectfully submitted,

| | |
|---|---|
| 112 East Pecan Street<br>Suite 525<br>San Antonio, Texas 78205<br>210-224-3121<br>fax 210-224-3188<br>jfloyd@dawray.com | DAW & RAY, L.L.P.<br><br>BY: _____ (w/ permission)<br>James K. Floyd<br>State Bar of Texas No. 24047628<br>USDC So. District TX Bar No. 559561<br>**Attorney-in-charge for Plaintiffs** |

Willie Ben Daw, III
State Bar of Texas No. 05594050
USDC So. District TX Bar No. 559561
**Of Counsel for Plaintiffs**